FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| Mary Playez<br><br>Plaintiff,<br><br>v.<br><br>Stellar Recovery, Inc.<br><br>Defendant. | Case No.<br><br>3:15-cv-469-J-34JBT<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff, Mary Playez, ("Mary"), is a natural person who resided in Freemansburg, Pennsylvania, at all times relevant to this action.

2. Defendant, Stellar Recovery, Inc., ("SR"), is a Florida Corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

### STATEMENT OF FACTS

5. SR uses a predictive dialer system.

6. Before SR began contacting Mary, it and Mary had no prior business relationship and Mary had never provided express consent to SR to be contacted on her cellular telephone.

7. SR regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of SR's revenue is debt collection.

9. SR is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, SR contacted Mary to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Mary is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, SR willingly and knowingly used an automatic telephone dialing system to call Mary on her cellular phone multiple times in violation of the TCPA.

14. Within the past twelve months, SR began calling Mary on Mary's cellular phone in connection with the collection of the debt.

15. Shortly after the calls began, Mary communicated her desire that SR cease calling her.

16. Despite this communication, SR continued to call Mary on Mary's cellular phone in connection with the collection of the debt.

17. SR caused Mary emotional distress.

18. SR attempted to collect a debt from Mary.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 18 above as if fully set forth herein.

20. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 18 above as if fully set forth herein.

22. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT THREE

### Violations of the Telephone Consumer Protection Act

23. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 18 above as if fully set forth herein.

24. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

26. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

   c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,


By: /s/ H. Karen Gatto
One of Plaintiff's Attorneys

*Of Counsel*
H. Karen Gatto, Esq.
Florida Bar No. 0190527
Hyslip & Taylor, LLC, LPA
8270 Woodland Center Blvd.
Tampa, FL 33614
Phone: 800-675-5507
Email: Kgatto@gattolaw.com

Date: April 8, 2015